PER CURIAM.
The Florida Public Employees Relations Commission is responsible for enforcing Part II of Chapter 447, Florida Statutes (1983), which governs labor organizations for public employees. Pursuant to this authority, the commission construed section 401 of Chapter 447 as guaranteeing public employees a right to arbitrate grievances after the expiration of a collective bargaining agreement. The waiver of such a statutory right cannot be a mandatory subject of bargaining. See National Labor Relations Board v. Wooster Division of Borg-Warner Corporation, 356 U.S. 342, 78 S.Ct. 718, 2 L.Ed.2d 823 (1958). Consequently, the commission held that the disputed provision — which called for waiver of this statutory right — was not a mandatory, but rather a permissive, subject of bargaining.
It is a well-established maxim of administrative law that a reviewing court shall not disturb an agency’s interpretation of a statute which that agency is responsible for enforcing absent a clear showing of error. Federal Election Commission v. Democratic Senatorial Campaign Committee, 454 U.S. 27, 102 S.Ct. 38, 70 L.Ed.2d 23 (1981); Department of Insurance v. Southeast Volusia Hospital District, 438 So.2d 815 (Fla.1983); Palm Beach Jr. College v. United Faculty of Palm Beach Junior College, 425 So.2d 133 (Fla. 1st DCA 1982). In our view, the agency’s interpretation of section 447.401, Florida Statutes (1983), is reasonable, and we therefore decline to overturn the ruling.
AFFIRMED.
HURLEY, WALDEN and BARKETT, JJ., concur.